UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN M. FREDERICKS,<br><br>  Plaintiff,<br><br>  vs.<br><br>EQUILON ENTERPRISES, LLC d.b.a. SHELL OIL PRODUCTS U.S., et al.,<br><br>  Defendants. | Case No: C 10-05758 SBA<br><br>**ORDER DENYING THIRD STIPULATION TO MODIFY PRETRIAL SCHEDULE**<br><br>Dkt. 49 |

   The parties are before the Court on their third stipulated request to continue the trial date and all associated pretrial deadlines. Dkt. 49. Federal Rule of Civil Procedure 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

   The parties contend that two days prior to the mediation scheduled for March 21, 2012, Defendant United/Anco Services, Inc., "determined that it is enrolled in a Rolling

1  Contractors Insurance Program (RCIP) which may provide coverage for the claims alleged
2  by Plaintiff in this action." Stipulation at 5.  As a result, parties vacated the mediation and
3  now request a continuance of all dates in the Court's pretrial scheduling order for a period
4  of 90 to 120 days in order to allow time for RCIP to respond to United/Anco's tender.  Id.
5  However, the parties have made no showing why this coverage matter could not have been
6  uncovered and addressed earlier in this lawsuit, which was commenced almost two years
7  ago on July 20, 2010.  The Court therefore finds that the parties have failed to make the
8  requisite showing of diligence to warrant a third extension of the trial date and associated
9  pretrial deadlines.  Accordingly,

10     IT IS HEREBY ORDERED THAT the parties' third stipulation to continue the trial
11 date and modify the pretrial schedule is DENIED.  This Order terminates Docket 49.
12     IT IS SO ORDERED.
13 Dated: March 29, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge