UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN M. FREDERICKS,<br><br>Plaintiff,<br><br>vs.<br><br>EQUILON ENTERPRISES, LLC d.b.a. SHELL OIL PRODUCTS U.S., et al.,<br><br>Defendants. | Case No: C 10-05758 SBA<br><br>**ORDER DENYING STIPULATION TO FILE THIRD AMENDED COMPLAINT**<br><br>Dkt. 52 |

Plaintiff Steven M. Fredericks commenced the instant personal injury action in Contra Costa County Superior Court on September 10, 2010 against Certified Safety Specialists LLC, Petrochem Field Services LLC, and Equilon Enterprises LLC dba Shell Oil Products U.S. On December 10, 2010, Defendants removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

Over a year ago on April 21, 2011, the Court held a Case Management Conference, at which time it entered a pretrial schedule pursuant to Federal Rule of Civil Procedure 16. Dkt. 24. Among other dates, the Court set June 20, 2011 as "[t]he deadline for the joinder of other parties and to amend the pleadings." Am. Order for Pretrial Preparation at 1, Dkt. 26.

On March 27, 2012, the parties submitted a stipulated request to continue the deadlines for fact and expert discovery cut-off, the pretrial conference and a trial date. The Court issued an order on March 30, 2012, denying the request on the grounds that the

parties had failed to demonstrate "good cause" to modify the Court's pretrial scheduling order. Dkt. 50.

The parties are now before the Court on stipulated request to file a Third Amended Complaint to add WorleyParsons Group Inc. ("WorleyParsons") as a party-defendant. Dkt. 49. Rule 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

Plaintiff contends that WorleyParsons was a contractor at the Shell Oil refinery and was "responsible for safety in the area where Plaintiff's injuries occurred." Stipulation at 2. Plaintiff claims that he only recently learned of WorleyParson's alleged responsibility for the incident, based on discovery responses from one of the Defendants. Id. The deadline to join parties and/or amend the pleadings lapsed almost a year ago on June 20, 2011. Yet, neither Plaintiff nor any of the other Defendants joining in the instant stipulation has made any showing why WorleyParsons' alleged involvement could not have been ascertained with the deadline to amend the pleadings. Moreover, the joinder of a new party-defendant at this late stage of the proceedings—and on the eve of the close of fact discovery—will necessitate the continuance of all dates previously set in the Court's pretrial scheduling order and inevitably delay the resolution of this action.

In sum, the Court finds that the parties, and Plaintiff in particular, have not been diligent and that permitting the filing of a Third Amended Complaint to join a new party will result in undue delay. Accordingly,

IT IS HEREBY ORDERED THAT the parties' stipulation to file a Third Amended Complaint is DENIED. schedule is DENIED.  This Order terminates Docket 52.

IT IS SO ORDERED.

Dated: April 30, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge