UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN M. FREDERICKS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>EQUILON ENTERPRISES, LLC d.b.a. SHELL OIL PRODUCTS U.S., PETROCHEM FIELD SERVICES, INC., CERTIFIED SAFETY SPECIALISTS, LLC, UNITED/ANCO SERVICES, INC., and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No: C 10-05758 SBA<br><br>**ORDER DIRECTING PLAINTIFF TO FILE RESPONSE TO SUMMARY JUDGMENT MOTIONS**<br><br>Dkt. 59, 66 |

　　　On calendar for hearing on July 31, 2012 are summary judgment motions filed by Defendant Certified Safety Specialist ("CSP"), Dkt. 59, and Defendant Equilon Enterprises, LLC dba Shell Oil Product ("Shell"), Dkt. 66. CSP filed its motion on June 14, 2012, and Shell filed its motion on June 19, 2012.

　　　Under Civil Local Rule 7-3(a), an opposition to a motion must be filed within fourteen days of the date the motion was filed, and the reply is due seven days thereafter. As such, Plaintiff's response to the motions should have been filed by no later than June 28,

| | |
|---|---|
| 1 | 2012 as to CSP's motion and July 3, 2012 as to Shell's motion.  To date, Plaintiff has not |
| 2 | filed any response to either motion.[1] |
| 3 | This Court's Standing Orders warn that the failure to file a response to a motion may |
| 4 | result in the dismissal of the action.  Dkt. 11 at 5.  As such, it is well within the discretion |
| 5 | of the Court to dismiss the action for failure to prosecute.  See Fed. R. Civ. P. 41(b); |
| 6 | Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  Nevertheless, mindful of its obligation to |
| 7 | first consider to less drastic alternatives, the Court will afford Plaintiff one further |
| 8 | opportunity to respond to the pending motions.  Accordingly, |

2012 as to CSP's motion and July 3, 2012 as to Shell's motion.  To date, Plaintiff has not filed any response to either motion.[1]

This Court's Standing Orders warn that the failure to file a response to a motion may result in the dismissal of the action.  Dkt. 11 at 5.  As such, it is well within the discretion of the Court to dismiss the action for failure to prosecute.  See Fed. R. Civ. P. 41(b); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  Nevertheless, mindful of its obligation to first consider to less drastic alternatives, the Court will afford Plaintiff one further opportunity to respond to the pending motions.  Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff shall have until <u>August 3, 2012</u> to file and serve his response (i.e., either an opposition or a statement of non-opposition) to Defendants' summary judgment motions.  Plaintiff's response shall comply in all respects with the Federal Rules of Civil Procedure and the Court's Civil Local Rules including, without limitation, Civil Local Rules 7-3 through 7-5.  **PLAINTIFF IS WARNED THAT THE FAILURE TO FILE A RESPONSE BY THIS DEADLINE AND/OR TO COMPLY WITH THIS ORDER OR ANY OTHER APPLICABLE PROCEDURAL RULES WILL RESULT IN THE DISMISSAL OF THE ACTION UNDER RULE 41(b).**  In the event Plaintiff timely files a response, Defendants may file a reply seven days after the deadline for Plaintiff's response.  The motion hearing scheduled for July 31, 2012 is VACATED.

IT IS SO ORDERED.

Dated: July 24, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Co-defendant United/Anco Services, Inc. ("United/Anco") filed an opposition to CSP's motion for summary judgment.  Dkt. 75.  However, there are no claims between CSP and United/Anco.  As such, United/Anco has no standing to oppose CSP's motion for summary judgment, which is directed solely to the claims Plaintiff has alleged in his Second Amended Complaint.  Eckert v. City of Sacramento, No. No. 2:07-cv-00825-GEB-GGH, 2009 WL 3211278, at *3 (E.D.Cal., Sept. 30, 2009) (co-defendant lacked standing to oppose co-defendant's motion for summary judgment) (citing cases).